## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHALIF SEARS,**     :    | |
|     **Plaintiff,**     :    | |
|                              :    | |
| v.                           :    | **CIVIL ACTION NO. 22-CV-1086** |
|                              :    | |
| **CITY OF PHILADELPHIA,** *et al.*,     :    | |
|     **Defendants.**     :    | |

### MEMORANDUM

**YOUNGE, J.**                                                                         **APRIL 28, 2022**

Plaintiff Khalif Sears, an inmate at FDC-Philadelphia, filed this civil right action *pro se* naming as Defendants the City of Philadelphia, six named Philadelphia police officers, and other unknown supervisory police officers. The officers are named in their individual and official capacities. Sears seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Sears leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTUAL ALLEGATIONS[1]

Sears allegations can be briefly summarized. He asserts that he was asleep at a residence located at 1688 Bridge Street on March 13, 2020 when, at about 2:45 a.m., he was shot multiple times by Philadelphia police officers. (Compl. at 3.)[2] Allegedly acting on a search warrant for an individual named Hassan Elliot, the officers entered the residence without a knock or announcement of their presence and "began indiscriminately shooting into the bedroom through the bedroom walls and door shooting [Sears] multiple times." (*Id.*) Sears was seriously injured

---

[1] The factual allegations are taken from Sears's Complaint (ECF No. 2.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

in the incident. (*Id*. at 3-4.) He brings civil rights claims pursuant to 42 U.S.C. § 1983 and seeks money damages.

## II. STANDARD OF REVIEW

The Court will grant Sears leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Sears's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Sears is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Sears seeks money damages for constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[3] Because Sears is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

>thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Although Sears lists several identified and unidentified Philadelphia police officers as Defendants in the caption of his Complaint, he fails to explain how any of the Defendants was involved in the incident he describes or even mention them in the body of his pleading. Because he has failed to describe how each was personally involved in the alleged wrongs, his claims against them are not plausible as alleged and must be dismissed.

Sears also names the City of Philadelphia as a Defendant. Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it

employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult

choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

As the United States Court of Appeals recently stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339,357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020). Because there is no *respondeat superior* for municipal liability under § 1983, and Sears fails to assert he suffered a violation of his constitutional rights due to a municipal policy or custom, the claim against the City of Philadelphia is dismissed.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Sears leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that Sears can never state plausible claims against the named Defendants, he will be granted the opportunity to file an amended complaint if he is able to cure the defects the Court has identified. An order follows with additional information about amendment.

                 **BY THE COURT:**

                  /s/ John Milton Younge
                 **JOHN M. YOUNGE, J.**