**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALIF SEARS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1086** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**YOUNGE, J.** **SEPTEMBER 19, 2022**

In a prior Memorandum, *see Sears v. City of Philadelphia*, No. 22-1086, 2022 WL 1265530 (E.D.Pa. Apr. 28, 2022), the Court dismissed the Complaint filed by Plaintiff Khalif Sears, an inmate at FDC-Philadelphia. Sears attempted to assert civil right violations against the City of Philadelphia, six named Philadelphia police officers, and other unknown supervisory police officers, each of whom were named in their individual and official capacities. The dismissal was without prejudice and Sears was granted leave to file an amended complaint if he was capable of curing the defects the Court identified in his claims. He has now returned with an Amended Complaint,[1] naming as Defendants the City of Philadelphia, as well as Philadelphia Police Officers Cyprian Scott, Patrick Saba, Thomas Fitzpatrick, Demetrius Monk, Alexander Norat, Jacob Hollis and other unknown officers and supervisors (collectively "the Police Officer

[1] Sears was directed to file his amended complaint within 30 days of the April 28, 2022 Order. (*See* ECF No. 8.) When he failed to do so, the Court entered an Order dismissing the case on June 10, 2022. (ECF No. 9.) On July 7, 2022, the Court received a Motion from Sears seeking an extension of time to file an amended complaint. (ECF No. 10.) The Court vacated the dismissal order on July 13, 2022 and granted Sears an additional thirty days to file an amended complaint. (ECF No. 12.) When he again failed to respond, another Order of dismissal was entered on September 7, 2022. (ECF No. 15.) Sears filed his Amended Complaint on September 14, 2022. (ECF No. 16.) Because Sears has now responded, the Court will vacate the dismissal Order and conduct a statutory screening of the Amended Complaint.

Defendants"). For the following reasons, the Court will dismiss the Amended Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and direct service of the remaining claims that pass statutory screening.

## I. FACTUAL ALLEGATIONS[2]

Sears seeks money damages alleging that he was asleep at a residence located at 1688 Bridge Street on March 13, 2020 when, at about 5:30 a.m., he was shot multiple times by Philadelphia police officers. (Am. Compl. at 4.) Allegedly acting on a search warrant for an individual named Hassan Elliot, the officers entered the residence without a knock or announcement of their presence and "began indiscriminately shooting into the bedroom through the bedroom walls and door shooting [Sears]." (*Id*. at 5.) Sears was seriously injured in the incident. (*Id*.)

In handwritten pages attached to the form Sears used to file his Amended Complaint, he adds what appears in part to be his own summary of court testimony from Defendant Saba.[3] (*Id*. at 13.) Saba allegedly entered the home and proceeded up the stairs with Officers Scott, Fitzpatrick, Norat, Monk, and Corporal O'Connor.[4] (*Id*. at 13.) Saba claimed to have heard a shot from the direction of a bedroom that was occupied by Sears. (*Id*.) Sears asserts that no warning or announcement was made by the Defendants of their presence or purpose. (*Id*.) Sears asserts he did not possess or fire a weapon. (*Id*.) According to Sears, Defendant Saba "just

[2] The factual allegations are taken from Sears's Amended Complaint (ECF No. 16.) The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Sears's factual allegations appear to rely on testimony Saba offered at a preliminary hearing conducted on November 18, 2020 in *Commonwealth v. Sears*, MC-51-CR-6949-2020 (M.C. Philadelphia).

[4] Sears notes that O'Connor suffered a fatal gunshot injury during this incident. (*Id*.)

began full scale firing indiscriminately all live rounds of his weapon into the bedroom." (*Id.*) Saba allegedly acknowledged in his testimony that he did not know who was occupying the space. (*Id.*) Sears contends that Saba acted recklessly, wantonly and with indifference to the safety of all who were present in the house. (*Id.*) Sears asserts that numerous spent rounds were found to have traveled throughout the bedroom, bathroom and kitchen of the home. (*Id.*) According to Sears, Saba was the only officer that fired a weapon. (*Id.*) He alleges that Defendants Fitzpatrick and Norat began beating him and dragged him down the stairs of the home. (*Id.*) He asserts that no Defendant ever announced they were police officers, stated they had a search warrant, or stated they were serving an arrest warrant. (*Id.*)

## II. STANDARD OF REVIEW

Because the Court has granted Sears leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Sears's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). '"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Sears is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Sears seeks money damages for constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A. Official Capacity Claims

Sears asserts claims against the Police Officer Defendants in their official as well as individual capacities. He also names the City of Philadelphia as a Defendant. To the extent the Police Officer Defendants are sued in their official capacities, any such claims are dismissed as duplicative of the claims against the City since official capacity claims against City employees are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*; *see also Stanek v. St. Charles Cmty. Unit*

*Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").

As the Court previously advised Sears, local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Sears*, 2022 WL 1265530, at *2 (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *see Monell*, 436 U.S. at 665-83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Id*. (citing *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original)).

The Court also explained to Sears that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *Sears*, 2022 WL 1265530, at *2 (citing *Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of

conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted).

In the Amended Complaint, Sears again fails to identify a custom or policy of the City of Philadelphia. He also fails to allege that his constitutional rights were violated due to a custom or policy. For this reason, his claim against the City, as well as his official capacity claims against the other Defendants who are all alleged to be Philadelphia police officers, are not plausible and will be dismissed. Having already informed Sears of the pleading standard for these claims and afforded him the opportunity to amend his pleading to cure the defects the Court had identified, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, these claims will be dismissed with prejudice.

**B. Individual Capacity Claims – Excessive Force**

The Court understands Sears to be asserting constitutional claims based on excessive force against the Police Officer Defendants.[5] Sears has alleged sufficient facts to state plausible claims against Defendants Saba, Fitzpatrick, and Norat. The claims against these Defendants in their individual capacities will be served for a responsive pleading. However, because Sears fails

[5] In his Amended Complaint, Sears cites the Eighth and Fourteenth Amendments as the bases for his claims, but does not specify which constitutional right he alleges has been violated. (Am. Compl. at 3.)

to allege that Defendants Scott, Monk, Hollis or the unknown officers and supervisors used excessive force during the incident, the claims against those Defendants cannot proceed. *Dooley*, 957 F.3d at 374; *Rode*, 845 F.2d at 1207.

**C. Individual Capacity Claims – Fourth Amendment Violation**

The Court understands Sears to be also asserting constitutional claims against the Police Officer Defendants based on their violation of the "knock and announce" rule. The Fourth Amendment requires that police officers knock and announce their identity and purpose before attempting forcible entry, absent exigent circumstances. *See Kornegay v. Cottingham*, 120 F.3d 392, 396-97 (3d Cir. 1997) (citations omitted). Furthermore, police officers must give the occupants a reasonable time to answer the door before attempting forcible entry. *See United States v. Banks*, 540 U.S. 31, 38-39 (2003). As stated by the United States Supreme Court, "[t]he common-law principle that law enforcement officers must announce their presence and provide residents an opportunity to open the door is an ancient one." *Hudson v. Michigan*, 547 U.S. 586, 589-90 (2006) (citing *Wilson v. Arkansas*, 514 U.S. 927, 931-932 (1995)). It is well-established in the Third Circuit that a failure to knock and announce in serving an ordinary warrant, absent certain exigent circumstances, constitutes a deprivation of the Fourth Amendment rights of the residents, then present, of the dwelling entered. *See United States v. Wilson*, 123 F. Supp. 2d 278, 284 (E.D. Pa. 2000) (stating the "knock and announce rule" is rooted in the Fourth Amendment's protection against unreasonable search and seizures). Courts have upheld dispensing with the knock-and-announce requirement in four situations: (1) the individual inside was aware of the officers' identity and thus announcement would have been a useless gesture; (2) announcement might lead to the sought individual's escape; (3) announcement might place the officers in physical peril; and (4) announcement might lead to the destruction of evidence.

*Kornegay*, 120 F.3d at 397. Sears's allegations that the Police Officer Defendants conducted a no-knock entry that was unjustified by the circumstances is sufficient to pass statutory screening and will be served for a responsive pleading.

## IV. CONCLUSION

For the foregoing reasons, the Court will direct service of the Amended Complaint against all Defendants other than the City of Philadelphia. The claims against the City of Philadelphia and the excessive force claims against Defendants Scott, Monk, Hollis, and the unknown officers and supervisors will be dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN M. YOUNGE, J.**